UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Valdez Harold Rolle and Danelle Magalit | ) | Case Number: 3:26-cv-01828-MGL |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **Complaint** |
| | ) | (Jury Trial Demanded) |
| vs. | ) | |
| | ) | Negligence, Negligent Entrustment |
| Leon Jones Feed and Grain, Inc. and | ) | Negligent Hiring, Retention, |
| Charles R. Wilbourne | ) | & Supervision |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiffs, complaining of the Defendants above-named, hereby allege and plead as follows:

1.     Valdez and Danelle Rolle are retired military veterans, and are citizens and residents of Lexington County, South Carolina.

2.    Defendant Leon Jones Feed and Grain, Inc. is a Georgia corporation which operates out of Cumming, Georgia.  Defendant Leon Jones Feed and Grain is a for hire interstate motor carrier registered with the United States Department of Transportation and bearing USDOT number 108832.  This USDOT number was labeled on the 2015 Freightliner and the name of Leon Jones Feed and Grain was emblazoned on the tractor and trailer that seriously injured Sgt. Rolle (Ret.) in this tractor trailer versus car collision.

3.     Defendant Charles R. Wilbourne is a citizen and resident of the State of Georgia. Defendant Wilbourne was the driver of the 2015 Freightliner tractor that seriously injured Sgt.

1

Rolle (Ret.).

4. This suit arises from a collision that occurred around 10:30 in the morning on Garners Ferry Road in Richland County, State of South Carolina on May 10, 2023. At the time of the collision, it was a sunny day and roads were dry. The stretch of roadway is flat and there are two lanes in each direction. The speed limit is 55 miles per hour.

5. Pursuant to 28 U.S.C. §1332, this court has jurisdiction based on complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

## FOR A FIRST CAUSE OF ACTION
(Negligence)

6. Plaintiffs reallege and reincorporate Paragraphs 1 through 5 above as if fully set forth verbatim herein.

7. That at all times relevant hereto, Defendant Wilbourne was an employee, agent and legal representative of Defendant Leon Jones Feed and Grain acting in the course and scope of his employment.

8. That at all times relevant hereto, Defendant Leon Jones Feed and Grain was the employer and principal of Defendant Wilbourne.

9. That Defendant Leon Jones Feed and Grain exercised control over the conduct of Defendant Wilbourne, at all times relevant hereto, and had the right to control the time, manner and method of Defendant Wilbourne's work.

10. That Defendant Leon Jones Feed and Grain is responsible for Defendant Wilbourne's actions and the consequences of his actions on May 10, 2023 including but not limited to the doctrines of *respondeat superior* and agency.

11. On May 10, 2023, at approximately 10:30 in the morning, Sgt. Rolle (Ret.) and

his wife were out for a drive in their convertible Camaro on Garners Ferry Road.  Sgt. Rolle (Ret.) was in the right lane, heading towards Shaw Air Force Base.  Suddenly and unexpectedly, Defendant Wilbourne changed lanes in his tractor trailer, driving directly into the driver's side of Sgt. Rolle's (Ret) Camaro.  This caused not only a massive metal sound, but sent Plaintiff and his wife spinning in the roadway until they finally landed in a ditch, shattering the driver's side window.

12.     Defendant Wilbourne drove a 2015 Freightliner owned by Defendant Leon Jones Feed and Grain with its knowledge and permission.

13.     Defendant Wilbourne's trailer was loaded, and he was traveling over at or around 50 miles per hour as he drove in the left lane.  Then, despite being clearly visible to him and visible in his convex side mirrors, Defendant Wilbourne initiated a lane change to the right, directly into Sgt. Rolle (Ret's) lane.

14.     Sgt. Rolle (Ret.) was acting in a reasonably prudent and manner at all times pertinent hereto and was not at fault in any way.  Instead, he had a reasonable expectation that the tractor trailer would remain in its lane until he passed.

15.     As a result of the collision, Sgt. Rolle (Ret.) suffered substantial multiple body trauma, the most substantial being to his head and his neck, an injury which also affected and involved his upper extremities.

16.     The collision, injuries, and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Wilbourne who was acting in the course and scope of his employment, agency and representation of Defendant Leon Jones Feed and Grain in the following particulars:

(a)     In driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others in violation of S.C. Code Ann. §56-5-2920;

(b)     In traveling too fast for conditions;

(c)     In failing to maintain a proper lookout;

(d)     In failing to use the degree of care and caution that a reasonable truck driver would have used under the circumstances then and there prevailing;

(e)     In failing to properly position and/or utilize his mirrors before and during his lane change in his tractor trailer;

(f)     In failing to manage the space around his tractor trailer and account for Sgt. Rolle's (Ret.) vehicle, which would have been plainly visible to him during periodic mirror checks;

(g)     In failing to properly adjust his mirrors prior to initiating his trip, to maximize his view to the right in the event of a lane change or turn to the right;

(h)     In failing to sound his horn, if any he had, or to otherwise warn of his approach and lane change;

(i)     In failing to properly observe the road and traffic conditions and patterns;

(j)     In failing to respond as a reasonable truck driver would to the presence of a vehicle already established in his desired lane of travel;

(k)     In driving while tired or not otherwise fully alert in reckless disregard of the rights and safety of others, especially the rights and safety of the Plaintiff;

(l)     In failing to operate a tractor trailer0 in the manner required by the Federal Motor Carrier Safety Regulations.

17. That as a direct and proximate result of the negligent, careless, grossly negligent, reckless, willful, or wanton acts of omissions of Defendant Wilbourne's willful, wanton, reckless, grossly negligent, and negligent acts as set out above, Sgt. Rolle (Ret.) has suffered injuries, which have caused, and in the future will cause, Plaintiff to suffer one or more of the following elements of damage:

(a) Pecuniary loss including medical expenses, past and future;

(b) Mental shock and suffering;

(c) Pain and suffering;

(d) Mental anguish;

(e) Loss of enjoyment of life;

(f) Permanent impairment;

(g) Loss of consortium including but not limited to, loss of love, companionship, affection, society, comfort and affection.

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff as alleged herein.

18. That due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Wilbourne as set out above, as well as his violation of state law, Plaintiffs are entitled to recover actual and punitive damages, jointly and severally as determined by a jury.

<u>**FOR A SECOND CAUSE OF ACTION**</u>
(Negligent Entrustment)

19. The Plaintiffs reallege and reincorporate Paragraphs 1 through 18 above as if fully set forth verbatim herein.

20.    That Defendants Leon Jones Feed and Grain knew or should have known Defendant Wilbourne was untrained and incapable of operating his vehicle in the manner required by the Federal Motor Carrier Safety Regulations and state law.

21.    That Defendant Leon Jones Feed and Grain knew or should have known that Defendant Wilbourne was careless and lacked sufficient training such that he was incapable of complying with the Federal Motor Carrier Safety Regulations and state law and was therefore, a negligent and/or reckless driver.

22.    That Defendant Leon Jones Feed and Grain negligently and/or recklessly entrusted a commercial vehicle to Defendant Wilbourne despite its knowledge that Defendant Wilbourne lacked proper training and appropriate driving skills to operate the same.

23.    That as a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendant Leon Jones Feed and Grain, Plaintiff has suffered and will continue to experience pain and suffering, mental distress, loss of enjoyment of life, emotional anguish, as well as past and future medical expenses.

24.    That Plaintiff is entitled to judgment against Defendant Leon Jones Feed and Grain for his above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

**<u>FOR A THIRD CAUSE OF ACTION</u>**
(Negligent Hiring, Training, Supervision and Retention)

25.    The Plaintiffs realleges and reincorporates Paragraphs 1 through 24 above as if fully set forth verbatim herein.

26.    Defendants owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards

and procedures and safety management systems specifically as to the hiring, training, retention and supervision of its employees, drivers and agents, including Defendant Wilbourne.

27. That Defendants owed statutory and common law duties to Plaintiff to use reasonable care when hiring, supervising, training and retaining employees and to use safe and fit equipment such as the tractor and trailer.

28. That Defendants knew or should have known that Defendant Wilbourne lacked training and possessed a driving record such that he was unable to comply with the Federal Motor Carrier Safety Regulations and state laws and therefore was a negligent and/or reckless driver.

29. That Defendants failed to properly supervise and train Defendant Wilbourne and, despite this, allowed him to operate his vehicle without the most basic training in violation of the Federal Motor Carrier Safety Regulations and state law.

30. That as a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff has and continues to suffer pain, physical harm and injury, mental distress, loss of enjoyment of life, permanent impairment, and out of pocket expenses relating to his medical expenses – both past and future.

31. That Plaintiff is entitled to judgment against Defendants for his injuries described above, and for actual and punitive damages in an amount to be determined by the jury.

## FOR A FOURTH CAUSE OF ACTION
(Loss of Consortium)

32. That Plaintiffs reallege and reincorporate Paragraphs 1 through 31 above as if fully set forth verbatim herein.

33. At the time of the above-referenced wreck, Sgt. Valdez Rolle (Ret). and his wife, Danelle Magalit resided together as husband and wife.

34.     Before the wreck, Plaintiff Valdez Rolle performed all of the normal, usual, and expected activities and duties, including general household and yard chores, companionship and all other such duties.

35.     Because of his injuries, treatment, injections, and resulting pain, discomfort, limitations, frustration, and restrictions, Plaintiff Valez Rolle has been, in varying degrees, physically and emotionally unable to do those normal, usual, and expected duties and has been unable to provide the usual companionship.  He has required physical care and assistance from his wife, and their relationship, household, and family has been greatly impacted by this wreck and its consequences.  Valdez Rolle has been more morose, more easily upset, and has, in fact, not been as cheerful, industrious, and companionable as a husband as he was prior to the subject incident.

36.     As a result of the negligence of Defendants and resulting injuries to her husband, Plaintiff Danelle Magalit has suffered a loss of consortium.

37.     As a direct and proximate result of the aforementioned careless, negligent, grossly negligent, reckless, willful, and/or wanton acts and/or omissions of these Defendants, both independently and in combination with each other, Plaintiffs are informed and believe that they are entitled to judgment in this matter in a sum to be determined by a jury.

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

(a)     A trial by jury;

(b)     For Summons and Complaint to issue against the Defendants;

(c)     For judgment against the Defendants, jointly and severally, to compensate  Plaintiff Valdez Rolle for his pain and suffering, past, present, and future;

(d)     For judgment against the Defendants, jointly and severally, to compensate  Plaintiff Danelle Magalit for her loss of consortium;

8

(e)      For all such other economic and non-economic losses as may be shown at the hearing of this matter to the full extent allowed under South Carolina law;

(f)      The Rolles to obtain judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(g)      Punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

(h)      Court costs, discretionary costs, and prejudgment interest; and

(i)      For all such further and general relief which this Court deems just and proper.

JOYE LAW FIRM, L.L.P.

By:    s/ Melissa G. Mosier
Melissa G. Mosier
Federal ID No.: 11000
133 Main Street, Suite 260
Columbia, SC 29201
Office: (803)771-3100
mmosier@joyelawfirm.com

*Attorneys for Plaintiffs*

Columbia, South Carolina
This 5th day of May, 2026